UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-1967-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION** |

Plaintiff Melissa P. seeks review of the denial of her application for disability insurance benefits. She argues that the ALJ erroneously rejected her testimony and conducted an inadequate step-five analysis.[1] Dkt. 10. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

---

[1] Plaintiff identified as the issues presented that the ALJ (1) improperly rejected the medical opinions and (2) conducted an inadequate analysis at step five. Dkt. 10 at 2. However, in her argument, she argued that the ALJ erred in rejecting her subjective complaints and discussed the ALJ's rejection of one medical opinion as part of her argument that the ALJ failed to conduct an adequate step-five analysis. Dkt. 10 at 6, 15. The Court, in its scheduling order, instructed plaintiff to list the errors alleged beginning on the first page of her opening brief, and stated that the Court would not consider or rule on assignments of error that were not listed in this section of the opening brief. Dkt. 9 at 2. Plaintiff did not identify the ALJ's rejection of her testimony as an error in the opening section of her brief. Nevertheless, the Court will consider this issue in this case. However, the Court directs counsel for plaintiff to properly identify the issues he wishes to present to the Court in future briefing. Failure to follow this rule in the future will result in the Court not considering improperly presented issues.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 1

**DISCUSSION**

A.  **Plaintiff's testimony**

Plaintiff argues the ALJ improperly rejected her complaints. Dkt. 10 at 6. Where, as here, the ALJ did not find that the claimant was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ found plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. Specifically, the ALJ found the record showed long-standing mental and physical impairments, but plaintiff was able to work in the past despite these issues, she left her most recent job to be a stay-at-home mother to her two children whom she homeschools, and her impairments improved with treatment and did not stop her from performing a full range of daily activities including being the primary caregiver to her children while her husband was out of town. *Id.*

Plaintiff argues the ALJ improperly relied on plaintiff's activities of daily living to diminish the severity of her functional limitations. Dkt. 10 at 6. An ALJ may consider a claimant's daily activities when evaluating her testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a claimant's reported activities and her asserted limitations can be a

1   reason to reject testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.
2   1999).

3         Plaintiff points to her hearing testimony that she left work and transitioned her children to
4   homeschooling because an active-shooter incident at her son's school triggered her OCD and
5   anxiety and made her unable to allow her children to be apart from her. Tr. 45-48. She also
6   points to her testimony that her homeschooling interaction with her children involves only
7   making sure the children complete their online work. Tr. 49-50.

8         Although plaintiff believes the ALJ should have relied on this testimony, the ALJ cited to
9   reports in the record that contradicted it. For example, the ALJ noted plaintiff's report to Dr.
10  Andersen in March 2017 that she had quit her last job because she was "unable to work and do
11  the things with my kids that I wanted to do," and she did not look for work after quitting because
12  the plan was for her to stay home with the children. Tr. 443. The ALJ also noted plaintiff's
13  reports to her treating providers that she played a much more active role in homeschooling her
14  children than she testified to, including reports that her children need a lot of attention with their
15  schooling, but she enjoyed homeschooling them. Tr. 1481.

16        Plaintiff asks the Court to favor her hearing testimony over the records the ALJ relied on.
17  But the Court may neither reweigh the evidence nor substitute its judgment for that of the
18  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is
19  susceptible to more than one rational interpretation, the Court must uphold the Commissioner's
20  conclusion. *Id*. The ALJ rationally interpreted the evidence and identified contradictions between
21  plaintiff's hearing testimony and her reports in the record. The Court cannot disturb the ALJ's
22  decision to rely on those contradictions in discounting plaintiff's testimony.

23

1    Plaintiff argues the ALJ's conclusion that she stopped working voluntarily so she could
2  homeschool her children was inconsistent with the ALJ's finding she could not perform any past
3  relevant work absent a finding that her condition worsened since the time she stopped working.
4  Dkt. 10 at 8-9. But the ALJ found plaintiff was able to perform other work, meaning that her
5  statements about stopping work voluntarily and choosing not to look for another job did not
6  contradict the ALJ's ultimate finding. The ALJ did not err by considering plaintiff's statements
7  in the record about the reasons she stopped working.
8    Plaintiff argues the ALJ vaguely and erroneously quantified the care she provided her
9  children. Dkt. 10 at 10. She again asserts the ALJ should have credited her testimony about how
10 much her husband assisted her in caring for her children and performing household chores. *Id.*
11 But again, the Court cannot accept plaintiff's proposed interpretation of the evidence over the
12 ALJ's. The ALJ validly found that the level of activity plaintiff reported elsewhere in the record
13 contradicted her hearing testimony.
14   Plaintiff asserts her testimony about how often she leaves the house was consistent with
15 the opinion of Kathleen Andersen, M.D., who examined plaintiff in March 2017. Dkt. 10 at 11.
16 Plaintiff testified that she normally sequesters herself but goes out two to three times per week.
17 Tr. 48. She told Dr. Andersen she had left the house twice the previous week and three times
18 during the week of the evaluation, including for the evaluation itself. Tr. 444. Plaintiff argues
19 this demonstrates the severity of her restrictions in her ability to leave the house and illustrates
20 the credibility and consistency of her testimony and her statements to her providers. Dkt. 10 at
21 11. But pointing out an example of consistency between her statements in the record and her
22 testimony does not negate the inconsistencies the ALJ found. It is the ALJ's responsibility to
23 determine whether inconsistencies are material (or are in fact inconsistencies at all) and whether

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 4

certain factors are relevant to discount the opinions of medical providers. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). That the ALJ could have weighed these statements differently does not mean the ALJ erred by failing to do so. Again, the Court must uphold the ALJ's interpretation of the evidence so long as it is rational.

The ALJ gave other, valid reasons for discounting plaintiff's testimony that plaintiff does not challenge. For example, the ALJ found plaintiff had minimal engagement with mental health treatment, including not establishing regular care with a mental health provider until more than a year after her alleged onset date, and she reported improvement in her symptoms once she started medication. Tr. 22. Plaintiff does not challenge these reasons, and the Court finds that they are valid reasons to discount her testimony. In sum, the ALJ gave clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony. The Court may not disturb that finding.

**B.     Dr. Andersen's opinion**

Plaintiff asserts the mental limitations Dr. Andersen assesed demonstrate that even if plaintiff had the physical capacity to perform sedentary work, she would still be unable to sustain work at the substantial gainful activity level. Dkt. 10 at 12-13. Dr. Andersen opined that plaintiff's pain experience would increase with even sedentary full-time work to the point where she would be unable to attend on a consistent basis, and that having to be away from her home and her children on a full-time basis would result in extremely elevated anxiety which would also cause absenteeism. Tr. 451.

The ALJ gave only some weight to Dr. Andersen's opinion, finding that she was somewhat vague in providing a functional assessment and she noted difficulty in separating plaintiff's mental health issues from her physical complaints. Tr. 24. The ALJ found that

subsequent records showed plaintiff started new medications and reported improvement in her functioning. *Id.* at 24-25. And the ALJ found the limitations Dr. Andersen opined were not fully supported by her largely normal examination findings and were inconsistent with plaintiff's self-reported abilities to homeschool her two children and to be the sole caregiver while her husband is away for work. *Id.* at 25. The ALJ noted plaintiff's statements during the evaluation indicated that she stopped working so she could be around her children more, which is primarily a situational barrier to employment. *Id.*

In general, the ALJ must give specific and legitimate reasons for rejecting an examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting an examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). As with the ALJ's assessment of plaintiff's testimony, the ALJ rationally interpreted the evidence in finding that plaintiff's reports of her activities elsewhere in the record were inconsistent with Dr. Andersen's opinion. And the ALJ again validly relied on plaintiff's reports of improvement with medication and inconsistencies within Dr. Andersen's report and with other evidence in the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Despite plaintiff's proposed alternative interpretations, the ALJ rationally interpreted the evidence and the Court may not disturb this interpretation. The Court finds that the ALJ gave valid reasons for giving Dr. Andersen's opinion only some weight.

**C.     Step five**

Plaintiff argues the ALJ's step five analysis is flawed because it is based on an RFC that does not include the limitations opined by Dr. Andersen. Dkt. 10 at 15. Because the Court has found that the ALJ did not err in giving only some weight to Dr. Andersen's opinion, this

argument fails. The Court finds that the ALJ's step-five finding is based on substantial evidence and free of legal error.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 7th day of May, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge